### M. & E. SALOMON v. ISAAC REIS ET AL.

1. PURCHASERS OF ONE KNOWN BY THEM TO BE INSOLVENT ARE BONA FIDE BUYERS.
    If a person buys goods without intending to pay for them, mere knowledge by subsequent buyers of his insolvency, will not make them buyers with knowledge.
2. JUDGE MAY ASSIST JURY THAT IS UNABLE TO AGREE.
    When a jury reports to the trial judge that they are unable to agree upon a verdict in a case submitted to them, it is right and proper that the judge should inquire of them as to the cause of such disagreement, and if in his opinion it is necessary that he should restate his views of the law, or give additional proper charges in the presence of the parties and counsel, it may rightly be done.
3. EXCEPTION TO CHARGE MAY BE TAKEN AFTER JURY RETIRES.
    It is not necessary to thevalidity of an exception taken to the charge of the court to the jury, that it be made in the hearing of the jury, provided it be made in time for the court to correct the charges.
4. SUBSEQUENT SPECIAL CHARGES MAY CURE APPARENT ERROR IN GENERAL CHARGE.
    Where there is language in a charge given by the court to the jury, which if standing alone would be erroneous, but it further appears from the bill of exceptions that special charges upon the same subject had been given to the jury, and such special charges do not appear therein, and where it appears from other parts of the charges set out, that the law on the same point was correctly stated to the jury, and it was told by the judge that such instruction had before been given to them, the judgment should not be reversed for such apparent error, if it really occurred, (which is doubtful,) as it was cured by the subsequent statements.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

We find from the bill of exceptions taken in this case, that in the original charge given by the trial judge to the jury (a part only of which is set out), a

full statement was made as to what it would be necessary for the defendants Seasongood & Co. to show, to make them *bona fide* purchasers from Reis of the tobacco in question, if the jury should find that the purchase of it by Reis, from the plaintiffs, Salomon & Co., had been fraudulent on his part, by reason of his insolvency, and his purpose never to pay for the same, and the plaintiffs on this ground had rescinded the contract after they had delivered the tobacco to him, and after he had transferred it to Seasongood & Co. It was, in effect, that if before rescission by plaintiffs, Seasongood & Co. had, in good faith, advanced their money to Reis therefor, and had received the tobacco from him, and did not then know or have notice of the fraud on the part of Reis when he made the purchase, or know or have notice of his being unable to pay, or having reasonable expectations to pay, or did not intend to pay, and had no knowledge of either of these things, or the circumstances did not require them to make inquiry as to these matters, they were entitled to the tobacco—but if they had knowledge of any of these things they were not so entitled. What was said on these subjects in the parts of the charge not set out in the bill, we have no means of knowing; but there is nothing in it to exclude the idea that more may have been said on these points.

It would seem from this, that the court in substance charged the jury, that simple knowledge on the part of Seasongood & Co., when they bought the tobacco from Reis, that when the latter purchased it from Salomon & Co. he was insolvent, would prevent their holding the same as against the plaintiffs. We very much doubt, from what afterwards appears, whether this was the meaning of the court. But if it was, and was not limited by the other parts of the charge not set out, we think the statement was erroneous—but it was in favor of plaintiff in error, and was not excepted to. Mere knowledge by Reis that he was insolvent at the time of the purchase of the tobacco by him, would not make the transaction fraudulent on his part. If he intended to pay, and had reasonable expectation of being able to do so, it was not fraudulent, though he knew himself to be insolvent, and did not disclose it to his vendors (31 O. S., 162.) and it would follow as a necessary consequence, that if Seasongood & Co. only knew that Reis was insolvent when he purchased, this would not interfere with their standing as *bona fide* purchasers from him.

But the plaintiff in error complains of two things—first, that after the jury had retired to consider of their verdict, and had come into court with the report that they were unable to agree, that the trial judge interrogated them as to what was the cause of their being unable to agree—whether it was as to the law or the facts in the case; and on a juror answering that it was on the question of the knowledge of Seasongood & Co., when they dealt with Reis, of his insolvency when he purchased the tobacco, the court then instructed the jury that this was a matter of no consequence, which, as is claimed, was in direct opposition to the original charge, and erroneous. The statement then made by the court to the jury was this:

"Gentlemen, even if Seasongood & Co. knew that at the time they made this loan, that Reis was insolvent at the time he purchased the tobacco, that does not deprive them of their rights That is not evidence of any fraud. Knowledge that a buyer is insolvent at the time he purchased; knowledge that Reis was insolvent at the time that he bought the tobacco. is not such a knowledge as would affect the interest of Seasongood in the tobacco, because the court has explicitly instructed you that the mere fact that a purchaser is insolvent when he buys goods, is not a fraud." And again:

"I have already instructed you that if even Seasongood had knowledge that Reis was insolvent at the time he bought the tobacco, that knowledge is of no moment in the case."

"Thereupon the jury arose, vacated their seats, and nearly all had passed into the jury room, when Mr. Baker arose and said: "I take an exception to the charge of the court," and the court said, "you may have your exception."

It is claimed on behalf of defendant in error that this exception was insufficient, not having been taken in the presence of the whole jury. We are of the opinion that it was sufficient. The object of an exception is, that the court

particularly, and the opposing counsel also, may be advised thereof, so that if desired by the court, steps may be taken to correct the error or mistake, as the case may be, if it appears to have been made, and if the exception be taken at the time, so that this may be done, it is not needful that the jury be present, or know anything about it.

As to the grounds of objection on the part of plaintiff in error to the action and ruling of the court after the first retirement of the jury, we may say, first, that in our opinion it is entirely right and proper for the trial judge, when a jury reports that they are unable to agree, to ascertain from them by proper inquiry what the difficulty is, and if necessary in his opnion that he should restate his views of the law, or give additional proper charges, it may rightly be done. This is a matter of discretion, and we do not see that it was abused in this instance.

Second. We understand the charge given to the jury when recalled, and which is now complained of, and to which exception was taken, to be in substance that mere knowledge, on the part of Seasongood & Co. when they bought from Reis, that he was insolvent when he bought from plaintiff, would not affect their rights. This, we have already stated, was in our opinion correct. If it be said that it is in conflict with what was said in the original charge, it may be assumed that it would appear that the jury must have understood the last and repeated instruction given on this point to be that on which the court stood; but a more complete answer is, that for all we know, and can know, the trial judge in the special charges given to the jury at the request of Seasongood & Co. (which were given as shown by the bill, but which are not set out therein), may have expressly told the jury that he had been mistaken in his charge as to knowledge, and that they must disregard it, and be governed by the law then stated correctly to them. Indeed there is strong reason, from the statements made in the bill, to think that there was a mere mistake in giving the language used by the judge in his original charge; for in the supplementary charges he expressly states that he had given the same instructions in his original charge. We are of the opinion, then, that there was no error prejudicial to the plaintiffs in error, and the judgment will be affirmed, with costs, but without penalty.

C. W. Baker, attorney for plaintiffs in error.

Edward Colston, attorney for defendants in error.